UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ISMAELA PENA,

     Plaintiff,

v.                        Case No.:   2:20-cv-343-SPC-MRM

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Ismaela Pena filed a Complaint on May 11, 2020. (Doc. 1). Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the transcript of the administrative proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint memorandum detailing their respective positions. (Doc. 17). For the reasons set forth herein, the Undersigned recommends that the decision of the Commissioner be **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.  Social Security Act Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a

continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A);  20 C.F.R. §§ 404.1505, 416.905.  The impairment must be severe, making the claimant unable to do her previous work or any other substantial gainful activity that exists in the national economy.  42 U.S.C. §§ 423(d)(2), 1382c(a)(3);  20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911.

II.     **Procedural History**

Plaintiff filed a claim for a period of disability and disability insurance benefits on April 24, 2017.  (Tr. at 15).[1]  Plaintiff alleged a disability onset date of January 1, 2017.  (*Id.*).  Plaintiff's claim was initially denied on July 28, 2017, and again upon reconsideration on November 8, 2017.  (*Id.*).  Plaintiff requested an administrative hearing, which was held on January 9, 2019 before Administrative Law Judge ("ALJ") Tracey Leibowitz.  (*Id.* at 15, 43).  The ALJ issued an unfavorable decision on February 21, 2019.  (*Id.* at 15-26).  On March 4, 2020, the Appeals Council denied Plaintiff's request for review.  (*Id.* at 1-3).  Plaintiff then filed her Complaint with this Court on May 11, 2020.  (Doc. 1).  The case is ripe for review.

III.    **Summary of the Administrative Law Judge's Decision**

An ALJ must follow a five-step sequential evaluation process to determine whether a claimant has proven she is disabled.  *Packer v. Comm'r of Soc. Sec.*, 542 F.

---

[1]  The SSA revised the rules regarding the evaluation of medical evidence and symptoms for claims filed on or after March 27, 2017.  *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 5844 (Jan. 18, 2017).  The new regulations apply in Plaintiff's case because Plaintiff filed her claim after March 27, 2017.

App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir.

1999)).  An ALJ must determine whether the claimant:  (1) is performing substantial

gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets

or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P,

Appendix 1; (4) can perform his or her past relevant work; and (5) can perform other

work of the sort found in the national economy.  *Phillips v. Barnhart*, 357 F.3d 1232,

1237-40 (11th Cir. 2004).  The claimant has the burden of proof through step four

and then the burden shifts to the Commissioner at step five.  *Hines-Sharp v. Comm'r of

Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

At step one, the ALJ found that Plaintiff had not engaged in substantial

gainful activity since the alleged onset date of January 1, 2017.  (Tr. at 17).  At step

two, the ALJ found that Plaintiff has the following severe impairments:  "fracture of

the lower extremity and hypertension (20 [C.F.R. §] 404.1520(c))."  (*Id.*).  At step

three, the ALJ determined that Plaintiff "does not have an impairment or

combination of impairments that meets or medically equals the severity of one of the

listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1 (20 [C.F.R. §§]

404.1520(d), 404.1525 and 404.1526)."  (*Id.* at 19).

At step four, the ALJ found that Plaintiff:

> has the residual functional capacity [("RFC")] to perform
> light work as defined in 20 [C.F.R. §] 404.1567(b) except
> the claimant should not climb ladders, ropes or scaffolds,
> but can occasionally climb ramps and stairs.  She can
> occasionally balance, stoop, kneel, crouch, and crawl.  She
> requires a hand held [sic] assistive device for ambulation.

She can have occasional exposure to hazards and vibrations.

(*Id.*). The ALJ also determined that Plaintiff "is capable of performing past relevant work as a billing clerk. This work does not require the performance of work-related activities precluded by the claimant's [RFC]." (*Id.* at 25). Lastly, the ALJ found that "[t]he claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2017, through the date of this decision (20 [C.F.R. §] 404.1520(f))." (*Id.* at 26).

## IV. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

## V. Analysis

On appeal, Plaintiff raises three issues. As stated by Plaintiff, the issues are:

1.    Whether the ALJ Properly Assessed the Treating Psychiatric ARNP's Opinion;

2.    Whether the ALJ's RFC Finding is Supported by the Substantial Evidence of Record; and

3.    Whether the ALJ Violated SSR 00-4p at Step Four of the Sequential Evaluation Process.

(Doc. 17 at 24, 41, 46). The Undersigned addresses each issue in turn below.

## A.    The ALJ Properly Assessed ARNP Andino's Medical Opinion.

To begin, Plaintiff argues that "the ALJ improperly discounted [ARNP Nelson Andino Rios'] opinion on the incorrect premise that 'the contemporaneous treatment records do not support the level of limitations he imposed on the claimant in his mental assessment.'" (Doc. 17 at 25 (citing Tr. at 25)). In support, Plaintiff contends that ARNP Andino's[2] opinion is "entirely reasonable based on the findings in his treatment notes." (*Id.* at 25-26 (citing Tr. at 342-43, 392, 390, 389, 388, 387, 386, 385, 384, 383)). Additionally, Plaintiff argues that ARNP Andino "holds a special certification as a psychiatric and mental health nurse practitioner." (*Id.* at 27). Moreover, Plaintiff states that "the ALJ here inexplicably found the State agency psychologist's opinion was 'persuasive' despite the fact that he never reviewed a single treatment note of ARNP Andino's because the claimant did not commence mental health treatment until the month after the State agency psychologist rendered his opinion." (*Id.* (citations omitted)). Plaintiff also argues

---

[2] Plaintiff refers to ARNP Nelson Andino Rios in short form name as ARNP Andino rather than ARNP Rios. (*See, e.g.*, Doc. 17 at 25). The Undersigned assumes that Plaintiff's usage is correct and emulates it here.

that the ALJ "never once acknowledges a single clinically significant finding on mental status examination." (*Id.* (citations omitted)). Finally, Plaintiff contends that ARNP Andino's opinion is entirely consistent with Plaintiff's own symptom allegations and her daughter's statements regarding Plaintiff's alleged symptoms. (*Id.* at 28-29 (citing Tr. at 212, 228-29)). In sum, Plaintiff contends that the ALJ failed to properly assess ARNP Andino's opinion pursuant to 20 C.F.R. § 404.1520c, resulting in a harmful error. (*Id.* at 29-30).

In response, Defendant asserts that Plaintiff essentially asks the Court to reweigh the evidence and substitute its own judgment for that of the ALJ. (*Id.* at 30). Defendant also argues that substantial evidence supports the ALJ's finding that ARNP Andino's opinion is not persuasive because it is not supported by his treatment notes and it is not consistent with Plaintiff's reported improvement. (*See id.* at 30-31, 36-40).

The Social Security Administration revised its regulations regarding the consideration of medical evidence – with those revisions applicable to all claims filed after March 27, 2017. *See* 82 FR 5844-01, 2017 WL 168819 (Jan. 18, 2017). Plaintiff filed her claim on April 24, 2017, (Tr. at 15), so the revised regulations apply, *see* 20 C.F.R. § 404.1520c. The regulations require that an ALJ apply the same factors in the consideration of opinions from all medical sources, rather than afford specific evidentiary weight to certain sources' opinions. 20 C.F.R. §§ 404.1520c(a). As to each medical source, the ALJ must consider: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) "other factors that tend to

support or contradict a medical opinion or prior administrative medical finding." 20

C.F.R. § 404.1520c(c).

Supportability and consistency constitute the most important factors in any

evaluation, and the ALJ must explain how those two factors are considered. *See* 20

C.F.R. § 404.1520c(b)(2). In assessing the supportability and consistency of a

medical opinion, the regulations provide that the ALJ need only explain the

consideration of these factors on a source-by-source basis – the regulations

themselves do not require the ALJ to explain the consideration of each opinion from

the same source. 20 C.F.R. § 404.1520c(b)(1). The regulations state:

> [W]hen a medical source provides multiple medical
> opinion(s) or prior administrative medical finding(s), we
> will articulate how we considered the medical opinions or
> prior administrative medical findings from the medical
> source together in a single analysis using the factors listed
> in paragraphs (c)(1) through (c)(5) of this section, as
> appropriate. We are not required to articulate how we
> considered each medical opinion or prior administrative
> finding from one medical source individually.

20 C.F.R. § 404.1520c(b)(1).

Overall, supportability relates to the extent to which a medical source has

articulated support for the medical source's own opinion, while consistency relates to

the relationship between a medical source's opinion and other evidence within the

record. *See* 20 C.F.R. § 404.1520c(c)(1)-(2). Put differently, the ALJ's analysis

considers whether the medical source's opinion is (1) supported by the source's own

records and (2) consistent with the other evidence of record. *See Cook v. Comm'r of*

*Soc. Sec.*, No. 6:20-cv-1197-RBD-DCI, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6,

2021), *report and recommendation adopted*, No. 6:20-cv-1197-RBD-DCI, 2021 WL 1565162 (M.D. Fla. Apr. 21, 2021).

Here, Plaintiff takes issue with the ALJ's finding that:

> [T]he opinion of [ARNP Nelson Andino Rios] at Ex. 14F[, a Medical Assessment of Ability to do Work-Related Activities (Mental),] is not persuasive because the contemporaneous treatment records do not support the level of limitations he imposed on the claimant in his mental assessment.   Overall, his treatment notes show the claimant's mental status exam findings are benign and she reported improvement with her treatment regimen.

(Tr. at 25 (citing Tr. at 342-43)).

To assess whether this finding is supported by substantial evidence, the Undersigned reviews below how the ALJ considered and addressed the supportability and consistency of ARNP Andino's opinion.

## 1.    Supportability of ARNP Andino's Opinion

In evaluating the persuasiveness of ARNP Andino's opinion, the Undersigned finds that the ALJ specifically noted that the opinion was unsupported by ARNP Andino's prior treatment notes.  (*See* Tr. at 25).   Moreover, there is substantial evidence within the record to support the ALJ's statement that ARNP Andino's notes showed "benign" mental status exam findings and improvement with treatment.  (*See id.* at 383-91, 395).

The ALJ first analyzed ARNP Andino's notes during step three of the sequential evaluation process when she analyzed the "paragraph B" criteria.  (*See id.* at 18).  The ALJ correctly noted that ARNP Andino's treatment notes show that

8

Plaintiff's memory was "[u]nremarkable" on a majority of her visits. (*Id.* at 18 (citing Tr. at 383, 385, 386, 387, 388, 389, 390, 392)). Additionally, the ALJ cited to ARNP Andino's opinion to the extent that it found that Plaintiff has a "good ability . . . to deal with the public and use judgment [and a] fair ability . . . to deal with supervisors and coworkers." (*Id.* (citing Tr. at 342-43)). The ALJ also noted that ARNP Andino's notes showed that Plaintiff's "thought process was unremarkable." (*Id.* (citing Tr. at 383, 385, 386, 387, 388, 389, 390, 396)). Finally, the ALJ cited to ARNP Andino's opinion that Plaintiff has a "good ability . . . to deal with the public and use judgment[ and a] fair ability . . . to deal with supervisors and co-workers, relate predictably in social situations and to demonstrate reliability." (*Id.* (citing Tr. at 342-43)).

Next, at step four of the sequential evaluation process in which the ALJ analyzed the record to determine Plaintiff's RFC, the ALJ specifically analyzed the medical records created by ARNP Andino. When reviewing these records, the ALJ noted that Plaintiff reported depression, anxiety, panic attacks, poor sleep, social isolation, low energy, and lack of concentration during her November 17, 2017 initial meeting with ARNP Andino. (*Id.* at 23 (citing Tr. at 395)). The ALJ also noted, however, that ARNP Andino's notes show that Plaintiff reported that she was "feeling better and was less depressed" on March 2, 2018, and May 1, 2018. (*Id.* (citing Tr. at 387, 388)). The ALJ noted that Plaintiff generally had "high GAF scores" and that her mental status exam findings were mostly unremarkable. (*Id.* (citing Tr. at 382-407)). Finally, the ALJ highlighted that on the most recent note

9

Plaintiff reported "feeling depressed secondary to her medical problems, but her mental status exam was essentially unremarkable and she had fair insight[,] judgment[,] and reliability." (*Id.* (citing Tr. at 383)).

Finally, the ALJ specifically took note of and summarized ARNP Andino's "Medical Assessment of Ability to do Work-Related Activities (Mental)" in its entirety. (*Id.* (citing Tr. at 342-43)).

Having carefully reviewed the ALJ's decision, the Undersigned is unpersuaded by Plaintiff's argument that the ALJ "never once acknowledges a single clinically significant finding on mental status examination." (Doc. 17 at 27). Rather, in light of the ALJ's comprehensive assessment and summary of ARNP Andino's treatment notes, the Undersigned finds that the ALJ thoroughly reviewed and acknowledged ARNP Andino's treatment records in determining the persuasiveness of ARNP Andino's opinion.

Moreover, upon review of the record and the ALJ's findings, the Undersigned finds that the ALJ's determination that ARNP Andino's opinion is not supported by his own treatment notes, is supported by substantial evidence. (*See id.* at 383-91, 395).

In reaching this conclusion, the Undersigned notes that ARNP Andino's records only indicate that Plaintiff experienced memory impairment on November 17, 2017, (*see id.* at 396), and on October 23, 2018, (*see id.* at 384, 342-43). In contrast, as noted by the ALJ, ARNP Andino's notes state that Plaintiff's memory was unremarkable on eight other visits. (*See id.* at 18 (citing Tr. at 383, 385, 386,

387, 388, 389, 390, 391, 393)).  Additionally, ARNP Andino's notes state that Plaintiff's thought process and thought content were unremarkable in all of Plaintiff's visits, (*id.* at 383, 384, 385, 386, 387, 388, 389, 390, 392, 395), except for December 7, 2017, (*id.* at 392), and October 23, 2018, (*id.* at 384, 342-43), where the notes show only that Plaintiff's thought process was circumstantial.  Finally, the only time that Plaintiff's ability to concentrate is specifically mentioned in ARNP Andino's notes, other than in the October 23, 2018 Medical Assessment, (*id.* at 342-43), was during Plaintiff's first visit on November 17, 2017, (*id.* at 395).  Thus, to the extent that ARNP Andino's opinion states that Plaintiff has "impaired memory" and "poor concentration," (*see id.* at 342-43), there is substantial evidence within the record showing ARNP Andino's opinion is unsupported by the majority of his own treatment notes, a fact that the ALJ gave weight while determining the persuasiveness of ARNP Andino's opinion, (*id.* at 25).

Additionally, as noted by the ALJ, the Undersigned finds that, while ARNP Andino's notes show that Plaintiff reported depression during her first four months of treatment, (*see id.* at 395, 391, 390, 389), upon changing medication dosage, (*see id.* at 389), Plaintiff began to report that she felt "less depressed [and] less anxious," (*see id.* at 388, 387, 386).  Moreover, after the series of visits where Plaintiff reported that she felt better and less depressed, ARNP Andino's notes begin to show inconsistencies within themselves.  For example, on August 28, 2018, Plaintiff's mental status exam shows Plaintiff's mood as "depressed;" however, ARNP Andino's observation on the same visit states "at this time client states feeling better,

report depression and anxiety at time, [sic] at this time client is calm, but with depressed mood." (*See id.* at 385). Then, on December 17, 2018, Plaintiff's mental status exam shows Plaintiff's mood as "unremarkable," however, ARNP Andino's observation on the same visit states "client states feeling depressed due to medical problems and economic problems, no acute distress noted at this time." (*See id.* at 383). Thus, ARNP Andino's opinion that Plaintiff "suffers from depression [and] anxiety" (*see id.* at 342-43), is unsupported by several of his own treatment notes, including his notes that show Plaintiff's depression and anxiety improved with medication, (*id.* at 25).

In sum, the Undersigned finds that the ALJ comprehensively analyzed the supportability of ARNP Andino's opinion when determining its persuasiveness as required by 20 C.F.R. § 404.1520c(c)(1).

## 2.    Consistency of ARNP Andino's Opinion

In evaluating the persuasiveness of ARNP Andino's opinion, the Undersigned finds that the ALJ specifically noted that the opinion was generally inconsistent with the other evidence of record. (*See* Tr. at 25). Moreover, there is substantial evidence within the record to support the ALJ's statement that "the contemporaneous treatment records do not support the level of limitations [ARNP Nelson Andino Rios] imposed on [Plaintiff] in his mental assessment." (*See id.*; *see also id.* at 55, 212, 228-29, 306, 315-17, 357).

Specifically, during step three of the sequential evaluation process, while addressing the paragraph B criteria, the ALJ noted that Plaintiff "is able to cook and

clean her house without reminders," and "take her medications and keep her doctor's appointments without special reminders." (*Id.* at 18 (citing Tr. at 212, 228-29)). The ALJ also noted that Plaintiff attends church, occasionally visits family, and goes to the grocery store with her husband but stays in the car because she cannot walk for long. (*Id.* (citing Tr. at 212, 228-29)). Finally, while assessing the paragraph B criteria, the ALJ highlighted that Plaintiff cooks, does laundry, completes household chores, and presented at the hearing with dyed hair and manufactured nails, which she testified she did herself. (*Id.* (citing Tr. at 212, 55)).

While assessing Plaintiff's RFC during step four of the sequential evaluation process, the ALJ noted that on October 11, 2017, claimant presented with and reported, *inter alia*, depression. (*Id.* at 22 (citing Tr. at 305-13)). The ALJ specifically noted that Dr. Meruelo stated "she had not discussed this with anyone, not even Dr. Martinez and she had not informed the Social Security about it either . . . [and] although she had a sad expression on her face, her mental status exam was unremarkable." (*Id.* (citing Tr. at 306)). The ALJ stated that Dr. Medina's clinical impression was "major depressive disorder, single episode, moderate" and that Plaintiff's reported that "her insomnia had resolved with the medication she had been prescribed and her mood had improved." (*Id.* (citing Tr. at 315-17)). The ALJ also highlighted an October 10, 2018 record from Dr. Medina where Plaintiff "reported she was seeing the psychiatrist and he had updated her medications, but she reported she was sleeping well and had a good mood." (*Id.* at 23 (citing Tr. at 357)).

Accordingly, upon review of the record and the ALJ's findings, the Undersigned is unpersuaded by Plaintiff's argument that the ALJ "improperly discounted ARNP Andino's opinion on the incorrect premise that 'the contemporaneous treatment records do not support the level of limitations he imposed on the claimant in his mental assessment.'" (Doc. 17 at 25).  Rather, in light of the ALJ's comprehensive assessment and summary of the other treatment notes of record regarding Plaintiff's mental impairments and Plaintiff's activities of daily living, the Undersigned finds that the ALJ sufficiently reviewed the evidence of record to determine the consistency of ARNP Andino's opinion.

Moreover, upon review of the record and the ALJ's findings, the Undersigned finds that the ALJ's determination, that ARNP Andino's opinion is not entirely consistent with the other "contemporaneous treatment records," is supported by substantial evidence.  (*See id.* at 55, 212, 228-29, 306, 315-17, 357).

### 3. Plaintiff's Other Arguments

The Undersigned is not persuaded by Plaintiff's argument that ARNP Andino's opinion should be given more weight because ARNP Andino holds a special certification.  While the new regulations state that a medical source's specialization is a factor that an ALJ *may* consider in determining the persuasiveness of that medical source's opinion, the ALJ is under no obligation to explain how that factor is considered.  *See* 20 C.F.R. § 404.1520c(b)(2);  *see also Freyhagen v. Comm'r of Soc. Sec. Admin.*, No. 3:18-cv-1108-J-MCR, 2019 WL 4686800 (M.D. Fla. Sep. 26,

2019).   Thus, the ALJ's decision to find ARNP Andino's opinion unpersuasive is unaffected by ARNP Andino's specialization.

Additionally, the Undersigned is not persuaded by Plaintiff's argument that the ALJ's decision is unsupported by substantial evidence because ARNP Andino's opinion is allegedly consistent with the non-medical evidence of record.  (Doc. 17 at 28-29 (citing Tr. at 212, 228-29)).   In support of her argument, Plaintiff summarizes Disability Determinations representative Mayte Gonzalez's June 7, 2017 Report of Contact in which Ms. Gonzalez recorded Plaintiff's allegations on her symptoms and abilities.  (*See id.* at 28 (citing Tr. at 212)).   Plaintiff also summarizes Disability Determinations representative Shirley Washington's October 31, 2017 Report of Contact in which Ms. Washington recorded Plaintiff's daughter's allegations on Plaintiff's symptoms and remaining abilities.  (*See id.* at 29 (citing Tr. at 228-29)).

Notwithstanding Plaintiff's argument, the ALJ did analyze the consistency of ARNP Andino's opinion with the non-medical evidence of record, including the two reports summarized by Plaintiff.  (*See* Tr. at 18, 25 (citing Tr. at 212, 228-89)).   Upon review of the reports, they state that "[Plaintiff] stated also that she is not taking medication for a mental or emotional condition and she hasn't been hospitalized due to that reason . . . .   [Plaintiff] can take care of her personal hygiene[,] does the housecleaning[, does] the laundry without problems[,] goes to church once a week[, and visits family]," (*id.* at 212), and that "[Plaintiff] does not take any psychiatric medication[, s]he is depressed . . . she has never missed a doctor's appointment . . . [and she used] to attend church before her injury, but she cannot attend church

15

because of her physical condition," (*id.* at 228-29)).  Based on these allegations, which the ALJ noted, (*id.* at 18), the ALJ's finding on ARNP Andino's opinion is supported by substantial evidence.

Lastly, the Undersigned addresses Plaintiff's argument that:

> ARNP Andino is not any less qualified to render an opinion about the claimant's functioning under the regulations than the State agency psychologist, yet the ALJ here inexplicably found the State agency psychologist's opinion was 'persuasive' despite the fact the he never reviewed a single treatment note of ARNP Andino's because the claimant did not commence mental health treatment until the month after the State agency psychologist rendered his opinion.

(Doc. 17 at 27 (citing Tr. at 25, 84-85)).  Plaintiff does not fully develop this argument.  It is not clear whether Plaintiff argues that (1) the ALJ should have found ARNP Andino's opinion persuasive because the ALJ found Psy.D. Nicholas Rios' opinion persuasive or (2) the ALJ should not have found Psy.D. Rios' opinion persuasive because he did not have an opportunity to review ARNP Andino's treatment notes.  The Undersigned is not persuaded by either argument and addresses them in turn.

Regarding the first construed argument, an ALJ is only required to consider the supportability and consistency of a medical source's opinion while determining its persuasiveness.  20 C.F.R. § 404.1520c(c).  While "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" may be considered, the ALJ is not required to do so.  *See* 20 C.F.R. § 404.1520c(c).  Thus,

the ALJ's persuasiveness finding as to ARNP Andino is unaffected by her persuasiveness finding as to Psy.D. Rios.

Regarding the second construed argument, Plaintiff is correct that Psy.D. Rios did not review the entire record. Nonetheless, the ALJ reviewed the entire record and specifically found that Psy.D. Rios' opinion was consistent with ARNP Andino's notes. (*See* Tr. at 25); *see also* 20 C.F.R. § 1520c(a)(2). Consistent with Psy.D. Rios' opinion, ARNP Andino's notes generally show "benign" mental status exam findings and improvement with treatment. (*See* Tr. at 25, 383-91, 395). Thus, substantial evidence supports the ALJ's decision to find Psy.D. Rios' opinion persuasive because it is consistent with the entire record. *See Whitten v. Soc. Sec. Admin., Comm'r*, 778 F. App'x 791, 796 (11th Cir. 2019) (finding that a state agency medical consultant's opinion can be consistent with the entire record even when that consultant issued an opinion before the record was complete).

In conclusion, upon review of the record and the parties' arguments, the Undersigned finds that the ALJ's consideration of ARNP Andino's opinion is consistent with her obligations under the new Social Security Regulations. *See* 20 C.F.R. § 404.1520c. The ALJ discussed in detail all the records regarding Plaintiff's mental impairments, including both ARNP Andino's records and the records from other medical sources. Additionally, the ALJ considered non-medical evidence of record while determining the persuasiveness of ARNP Andino's opinion. Accordingly, while the ALJ may not have specifically used the words "supportability" and "consistency," the ALJ's assessment of the persuasiveness of

ARNP Andino's opinion was based on those factors. *Cook v. Comm'r of Soc. Sec.*, No. 6:20-cv-1197-RBD-DCI, 2021 WL 1565832, at *5 (M.D. Fla. Apr. 6, 2021), *report and recommendation adopted*, No. 6:20-cv-1197-RBD-DCI, 2021 WL 1565162 (M.D. Fla. Apr. 21, 2021) ("While [the ALJ] may not have used the word 'supportability' and 'consistency,' the ALJ's discussion of [the physician's] opinions and findings regarding the record was based on those factors."). Thus, the Undersigned finds that the ALJ's treatment of ARNP Andino's opinion is legally sufficient and supported by substantial evidence. Based on that, the Undersigned recommends that the ALJ's decision be affirmed on this issue.

### B.   The ALJ's RFC Finding Is Supported by Substantial Evidence in the Record.

Next, Plaintiff argues that "the substantial evidence of record does not support the ALJ's [RFC finding because Plaintiff] has objectively established mental limitations that would preclude her from, among other things, the demands of anything more than unskilled work." (Doc. 17 at 41 (citing Tr. at 19)). Plaintiff also argues that "there is a plethora of evidence contradicting the ALJ's finding that [Plaintiff] would be capable of the amount of standing and walking required of light exertional work." (*Id.*). Plaintiff concludes that, because the ALJ failed to correctly assess the evidence of record, Plaintiff's RFC fails to take into account all of Plaintiff's limitations, which is a harmful error because the VE's testimony was based off of an allegedly deficient RFC. (*Id.* at 42 (citing Tr. at 19, 57-61)).

In response, Defendant argues that the same substantial evidence that supports the ALJ's finding that ARNP Andino's opinion is unpersuasive also supports the ALJ's finding that Plaintiff is not limited to unskilled work. (*Id.* at 42).

Additionally, Defendant asserts that Plaintiff failed to advance a legitimate argument regarding her physical limitations because, while she stated that "there is a plethora of evidence contradicting the ALJ's finding," Plaintiff failed to provide any citations to the record or develop her argument. (*Id.* at 42-43). Defendant contends that, because Plaintiff advanced minimal argument without citations to authority, "she has abandoned the issue." (*Id.* at 43 (citations omitted)). Nevertheless, Defendant argues that the ALJ's decision is supported by substantial evidence and provides numerous citations to the record that support the ALJ's finding that Plaintiff can engage in light exertional work. (*Id.* at 43-44 (citations omitted)).

An RFC is "the most" Plaintiff can do despite her physical and mental limitations. 20 C.F.R. § 404.1545(a)(1). To determine a plaintiff's RFC, the ALJ must use all relevant medical and other evidence in the record. *Phillips*, 357 F.3d at 1238; 20 C.F.R. § 404.1545(e). When the Commissioner's decision is supported by substantial evidence, however, the Court will affirm, even if the Court would have reached a contrary result to the ALJ and even if the Court finds that "the evidence preponderates against" the Commissioner's decision. *See Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

To begin, the Undersigned notes that Plaintiff's arguments on this issue lack relevant citations to the record. *See Whitten v. Soc. Sec. Admin., Comm'r*, 778 F. App'x

791, 793 (11th Cir. 2019) ("For an issue to be adequately raised . . . it must be plainly and prominently raised and must be supported by arguments and citations to the record and to relevant authority.") (citations omitted).  Notwithstanding the lack of relevant citations, the gist of Plaintiff's argument is clear enough.  Thus, the Undersigned evaluates whether substantial evidence supports the ALJ's findings on Plaintiff's mental and physical impairments.

The ALJ thoroughly reviewed the evidence of record pertaining to Plaintiff's mental impairments.  Indeed, the ALJ's decision is supported by substantial evidence to the extent that she completely reviewed ARNP Andino's notes and found that they showed "benign" mental status exam findings and improvement with treatment. (*See* Tr. at 23-25 (citing Tr. at 383-91, 395)).  Additionally, the ALJ's finding that Plaintiff's mental impairments do not cause more than minimal limitations is supported by substantial evidence to the extent that the ALJ reviewed both medical and non-medical evidence of record supporting her RFC findings.  (*See id.* at 19-25 (citing Tr. at 55, 212, 228-29, 306, 315-17, 357)).

Substantial evidence also supports the ALJ's RFC determination limiting Plaintiff to light exertional work.  The ALJ specifically noted that "[a] follow-up note from Dr. Martinez dated February 8, 2017 indicates the claimant was seen for follow-up and she was ambulating without a cane[, but] reported some discomfort on range of motion but no pain." (*Id.* at 21 (citing Tr. at 301)).  Additionally, the ALJ reviewed a December 13, 2017 MRI that "showed no evidence of acute fractures. No evidence of a tear, fracture or osteochondral lesion seen in the left ankle and a

minimal heterogeneous signal in the anterior tibiofibular ligament that may represent an old healed injury." (*Id.* at 23 (citing Tr. at 352, 378-79)).  The ALJ also emphasized an October 10, 2018 record from Dr. Medina where Plaintiff "was advised to walk half a mile or a quarter mile daily for 4-5 days per week." (*Id.* (citing Tr. at 357)).  The ALJ cited to evidence of record showing that Plaintiff's left ankle fracture had healed, and her activities of daily living supported a limitation to light exertional activity. (*Id.* at 24).

Accordingly, in light of the evidence of record and the ALJ's analysis of the same, the Undersigned finds that the ALJ's RFC determination is supported by substantial evidence.

Additionally, the Undersigned notes that the mere fact that other evidence of record supports a different conclusion does not require remand.  Indeed, it is the ALJ's job to evaluate and weigh evidence and resolve any conflicts in the record. "In reviewing an ALJ's decision, [the Court] may not decide the facts anew, make credibility determination[s], or re-weigh the evidence, and [the Court] must affirm the ALJ's findings if they are supported by substantial evidence, even if the evidence preponderates against them." *Jones v. Soc. Sec. Admin., Comm'r*, 695 F. App'x 507, 508 (11th Cir. 2017) (citing *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014); *Winschel v. Comm'r., Soc. Sec. Admin.*, 631 F.3d 1176, 1178 (11th Cir. 2011)).  Thus, because substantial evidence supports the ALJ's determination, the Undersigned finds that the ALJ sufficiently accounted for all of Plaintiff's limitations.

Accordingly, the Undersigned recommends that the decision of the ALJ be affirmed on this issue.

**C.    The ALJ Properly Found that Plaintiff Can Perform Her Past Relevant Work.**

Finally, Plaintiff argues that the ALJ erred by finding that Plaintiff could perform her past relevant work as a billing clerk because the Dictionary of Occupational Titles ("DOT") designates the billing clerk occupation as a Language Level Three job. (Doc. 17 at 46). Plaintiff contends that the record supports that she "is unable to communicate at the proficiency level described in the DOT." (*Id.*). Plaintiff argues that the ALJ did not sufficiently assess "her ability to communicate in English" and, therefore, presented a hypothetical question to the vocational expert ("VE") "that did not in any way describe [Plaintiff's] capacity to communicate in English." (*Id.* at 47). Plaintiff contends that if the ALJ had sufficiently addressed her inability to communicate in English, an apparent conflict would have arisen between the DOT and the VE's testimony as it relates to Plaintiff's ability to work as a billing clerk. (*Id.* at 47-48). She argues that the ALJ's failure to identify and resolve this apparent conflict violated the ALJ's duty under SSR 00-4p. (*Id.* at 48). For this reason, Plaintiff contends that the ALJ's finding at step four is not supported by substantial evidence. (*Id.*).

In response, Defendant asserts that "the ALJ found that Plaintiff could perform her past relevant work as a billing clerk as actually performed," and, therefore, SSR 00-4p does not apply. (*Id.* at 49 (citations omitted)). Because Plaintiff

was able to perform the billing clerk job for six years in the United States, Defendant contends that there is clear evidence in the record that Plaintiff can work as a billing clerk as she "actually" performed the job in the past. (*Id.* at 50 (citations omitted)). Defendant concludes that the VE's testimony was not limited to finding that Plaintiff could perform work as a billing clerk as it is generally performed in the national economy, but also as she actually performed it in the past, and therefore, constitutes substantial evidence that Plaintiff could perform her past relevant work. (*Id.* at 50-51).

At the fourth step of the sequential evaluation process, the ALJ must determine whether the claimant can perform her past relevant work. *See* 20 C.F.R. § 404.1520(a)(iv). "To support a conclusion that the claimant is able to return to [her] past relevant work, the ALJ must consider all the duties of that work and evaluate the claimant's ability to perform them in spite of [her] impairments." *Colon ex rel. Colon v. Comm'r of Soc. Sec.*, 411 F. App'x 236, 239 (11th Cir. 2011) (citing *Lucas v. Sullivan*, 918 F.2d 1567, 1574 n.3 (11th Cir. 1990)). At this step, however, "[t]he burden is on the claimant to show that [s]he can no longer perform [her] past relevant work as [s]he actually performed it, and cannot perform work of that same kind." *Colon*, 411 F. App'x at 239 (citing *Jackson v. Bowen*, 801 F.2d 1291, 1293-94 (11th Cir. 1986)). Thus, an ALJ may find a claimant not disabled if she can perform her previous work as she actually performed it or if she can perform the job as it is generally performed in the national economy. *See* SSR 82-61.

Moreover, a plaintiff's ability to communicate in English is considered a vocational factor of education.  *See* 20 C.F.R. § 404.1564(b);  *Nunez v. Comm'r of Soc. Sec.*, No: 8:15-cv-2698-T-JSS, 2017 WL 942991, at *4 (M.D. Fla. Mar. 10, 2017) ("The social security regulations make clear that the ability to communicate in English is a vocational factor of education because 'the ability to speak, read and understand English is generally learned or increased at school.'").

Nonetheless, the regulations also state that:

> If we find that you have the residual functional capacity to do your past relevant work, we will determine that you can still do your past work and are not disabled.  We will not consider your vocational factors of age, education, and work experience or whether your past relevant work exists in significant numbers in the national economy.

20 C.F.R. § 404.1560(b)(3).  Put differently, "[a plaintiff's] fluency in English is not a factor to be considered in determining whether [she can return to her past relevant work.]"  *Nunez v. Comm'r of Soc. Sec.*, No. 8:15-cv-2698-T-JSS, 2017 WL 942991, at *4 (M.D. Fla. Mar. 10, 2017) (citing *Hernandez v. Astrue*, No. 8:09-cv-2490-T-TGW, 2010 WL 5387601, at *3 (M.D. Fla. Dec. 22, 2010) *aff'd sub nom. Hernandez v. Comm'r of Soc. Sec.*, 433 F. App'x 821, 823 n.1 (11th Cir. 2011)).

In this case, the ALJ found that Plaintiff "is capable of performing [her] past relevant work as a billing clerk."  (Tr. at 25).  In support of her finding, the ALJ stated that "[Plaintiff] testified that her job duties includ[ed] collecting bills paid by patients to the medical office and processing them."  (*Id.*).  The ALJ also stated that she "asked the [VE] whether a hypothetical person with the claimant's age,

education, work history, and [RFC] could perform the claimant's past work[, and the VE] testified that such a hypothetical person would be able to perform the claimant's past relevant work as a billing clerk." (*Id.* at 26, 58-59). Additionally, the ALJ stated, "[i]n comparing the claimant's residual functional capacity with the physical and mental demands of this work, I find that the claimant is able to perform it as actually and generally performed." (*Id.*).

The Undersigned is not persuaded by Plaintiff's argument that the ALJ erred by failing to include any reference to Plaintiff's ability to communicate in English in her hypothetical questions to the VE. Rather, the social security regulations clearly state that a claimant's fluency in English is not considered in determining whether she can return to her past relevant work. *See* 20 C.F.R. § 404.1560(b)(3); *see also Nunez*, 2017 WL 942991, at *4 (citations omitted).

Moreover, the Undersigned notes that Plaintiff's RFC is an assessment of her remaining ability to do work despite her impairments. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 CFR § 404.1545(a)). Plaintiff's fluency in English is a vocational factor related to education, not an impairment. *See Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996) (stating that illiteracy is not an impairment); 20 C.F.R. § 404.1564. Therefore, because Plaintiff's alleged lack of fluency in English is not an impairment, the ALJ was under no obligation to consider it in creating her RFC. *See Wolfe*, 86 F.3d at 1078; 20 C.F.R. § 404.1564.

Following from this, because the VE "may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and

mental limitations imposed by the claimant's *medical impairment(s)* can meet the demands of the claimant's previous work," 20 C.F.R. § 404.1560(b)(2) (emphasis added), the ALJ did not err by failing to identify or ask how Plaintiff's ability to communicate in English would affect the VE's findings, *see Nunez*, 2017 WL 942991, at *4 (citations omitted). Also, because the VE's expert opinion on whether Plaintiff can complete her past work is based on "the physical and mental limitations imposed by the claimant's *medical impairments*," 20 C.F.R. § 404.1560(b)(2) (emphasis added), not Plaintiff's vocational factors, no apparent conflict was created between the DOT and the VE's testimony.

Additionally, the Undersigned is not persuaded by Plaintiff's argument that the ALJ's finding is not supported by substantial evidence. Notably, all of Plaintiff's arguments as to this issue address her alleged inability to communicate at Language Level 3. (*See* Doc. 17 at 46-48). Yet, the regulations clearly state that the ALJ is not required to consider Plaintiff's vocational factors when determining whether she can complete her past relevant work. 20 C.F.R. § 404.1560(b)(3). This leads to a logical result given that Plaintiff actually worked as a billing clerk from 2011 through 2017 without being affected by her alleged difficulty with the English language. (*See* Tr. at 20, 25). The suggestion that Plaintiff does not have sufficient language skills to complete work she performed for six years is simply not persuasive. Thus, the ALJ's reliance on the VE's testimony constituted substantial evidence because the ALJ's hypothetical questions were based on Plaintiff's medical impairments, not her vocational limitations. *See Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002)

("In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments.").

Thus, the Undersigned recommends that the ALJ's decision on this issue be affirmed because (1) the ALJ did not err by failing to include a reference to Plaintiff's ability to communicate in English in her hypothetical questions to the VE and (2) the ALJ's decision that Plaintiff can perform her past relevant work is supported by substantial evidence based on the VE's testimony.

### Conclusion

Upon consideration of the parties' submissions and the administrative record, the Undersigned finds substantial evidence supports the ALJ's decision and it is, therefore, due to be affirmed.  Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1.   The decision of the Commissioner be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

2.   The Clerk of Court be directed to enter judgment accordingly, to terminate any pending motions and deadlines, and to close the case.

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on July 7, 2021.

Mac R. McCoy
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties